FIDELITY FEDERAL SAVINGS & LOAN ASSOCIATION OF HICKORY v. CECIL H. JARRETT COMPANY, INCORPORATED.

(Filed 21 October, 1964.)

**Negligence §§ 1, 24a—**

Evidence that a rug which defendant had cleaned with permission of plaintiff for the purpose of demonstrating a rug cleaning compound, shrunk and developed numerous brownish spots and became sticky to the touch, with testimony of an expert in the field that the damage resulted from an excessive amount of detergent in the cleaning compound, together with evidence as to the amount of the damage, *held* sufficient to take the case to the jury.

APPEAL by defendant from *Huskins, J.,* January 1964 Regular Term of CATAWBA.

Action for damages. Plaintiff alleges that defendant negligently spoiled the carpeting in its place of business by applying excessive quantities of an improperly diluted soap solution to the carpet and then pouring large amounts of water on it in an effort to remove the solution.

Plaintiff's evidence tended to show the following facts: On March 10, 1962, defendant requested and received permission to demonstrate a rug-cleaning compound, known as Knap-Back, on plaintiff's carpet. On March 12, 1962, the carpet was still damp from the cleaning; it had shrunk and pulled away from the walls. Numerous brownish spots, some as large as five feet in diameter, had appeared on it throughout, and the carpet was sticky to the touch. Defendant attempted to remove the detergent left in the carpet on March 10th by applying water to it, using a floor-scrubbing machine with a revolving brush "to activate the suds and a wet vacuum pick-up machine to remove the suds." The treatment was ineffectual and two years later the carpet was still sticky. Any application of water still raises lather from the soap left in the carpet. Dry compounds will no longer remove dirt and the carpet has a very dingy appearance. To apply more water to the carpet now would cause it to shrink again. Prior to defendant's attempt to clean the carpet it was worth $2,600.00; immediately afterwards, only

$250.00. Ted Walker, whom defendant admitted to be an expert in "the installation and knowledge of carpets," testified, without objection, that he had an opinion as to what caused the brown spots on the carpet. He said: "It appears to me that there was an excessive amount of detergent and not the proper amount of water mixed with it and the browning out is what we call detergent burn caused by improper mixture. Detergent burn would have a tendency to weaken the carpet fibers and take some of the oil out of the wool and the long range result would be a break-down of the fibers."

The defendant offered no evidence. The jury awarded plaintiff damages in the amount of $1,400.00. From judgment on the verdict, defendant appealed.

*Keener & Butner for plaintiff.*
*Corne & Warlick for defendant.*

PER CURIAM. Defendant's one assignment of error is the failure of the court to grant its motions of nonsuit timely made. The evidence was clearly sufficient to sustain plaintiff's allegations and withstand defendant's motions.

The judgment of the court below is
Affirmed.